UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ELECTRICAL EMPLOYEES
HEALTH AND WELFARE PLAN,
WISCONSIN NECA-IBEW RETIREMENT
PLAN, KENOSHA AREA ELECTRICAL
JOINT APPRENTICESHIP AND TRAINING
TRUST FUND, WISCONSIN ELECTRICAL
EMPLOYEES APPRENTICESHIP
COORDINATOR FUND, and IBEW LOCAL
127 UNION DUES FUND, and DARREN
JOHNSON and CHRIS GULBRANDSON, in
their capacities as Plan Trustees,

                Plaintiffs,

    v.

WIGGINS COMPUTING LLC
d/b/a WCT MIDWEST,

                Defendant.

Case No. 3:25-cv-186

---

# COMPLAINT

In support of their claims against the Defendant, Wiggins Computing LLC d/b/a WCT Midwest ("WCT Midwest"), Plaintiffs Wisconsin Electrical Employees Health and Welfare Plan, Wisconsin NECA-IBEW Retirement Plan, Kenosha Area Electrical Joint Apprenticeship and Training Trust Fund, Wisconsin Electrical Employees Apprenticeship Coordinator Fund, and IBEW Local 127 Union Dues Fund (the "Funds"), and Darren Johnson and Chris Gulbrandson, in their capacities as Trustees for the Funds, by their attorneys, Reinhart Boerner Van Deuren, s.c., allege the following:

53295607v5

## JURISDICTIONAL AND VENUE

1. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. 1132), in that this is an action by an ERISA benefits plan fiduciary to redress Defendant's violations of the terms of the Fund's trust agreements and the plan documents adopted pursuant to those agreements.

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2)), because Plaintiffs are located in this federal district and the breaches giving rise to this action took place in this federal district.

## THE PARTIES

3. The Funds are ERISA benefit funds and bring this action on behalf of the Trustees, participants, and beneficiaries of the Funds.

4. The Funds maintain offices at 2730 Dairy Drive, Suite 101, Madison, WI 53718.

5. Darren Johnson and Chris Gulbrandson are Trustees of one or more of the Funds and each is a "fiduciary" within the meaning of Section 3(21) of ERISA (29 U.S.C. 1002(21)) and as such have standing to be Plaintiffs in this action and to seek remedies demanded.

6. WCT Midwest is an Illinois corporation with principal offices located at 9904 Freeport Road, Rock Falls, Illinois. The corporation's registered agent for service of process is Brandy Wren, 302 1st Avenue, Suite B, Sterling, Illinois 61081.

## FACTUAL BACKGROUND

7. WCT Midwest is a party to a collective bargaining agreement ("CBA"), identified as the Inside Labor Agreement, between Local No. 127, International Brotherhood of Electrical Workers, AFL-CIO, ("IBEW Local No. 127") and the Kenosha Division, Wisconsin Chapter, N.E.C.A., Inc. (the "CBA"). A true and correct copy of the CBA is attached as **Exhibit A**.

8. WCT Midwest agreed to be bound by the CBA via a Letter of Assent it executed on April 14, 2023. A true and correct copy of the Letter of Assent is attached hereto as **Exhibit B**.

9. By agreeing to be bound by the CBA, WCT Midwest adopted and assented to the terms and provisions of the Funds' trust agreements, including all rules and regulations adopted by the trustees of the Funds.

10. The Funds have adopted Delinquency Collection Procedure (the "Policy"); a copy of which is attached as **Exhibit C**. The Policy empowers the Funds under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

11. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

12. WCT Midwest has violated the trust agreements by neglecting to make contributions to the Funds for all of WCT Midwest's covered employees and failing to accurately and timely report employee work status to the Funds.

13. Specifically, WCT Midwest failed to make timely contributions for May, June, and July of 2023 and failed to make contributions for August, September and October of 2023.

14. While it failed to do so timely in certain cases, WCT Midwest ultimately submitted contribution reports for the relevant time frame. A true and accurate copy of the reports are attached as **Exhibit D**.

15. WCT Midwest paid the $15,122.24 in contributions owed for May 2023 on August 9, 2023. WCT Midwest paid the $26,212.50 in contributions owed for June 2023 and the $352.21 in contributions owed for July 2023 on September 6, 2023. Because these contributions were not paid timely, under the Policy, WCT Midwest owes interest, liquidated damages, and costs of collection, including administrative fees for employee time spent on collection activities. WCT Midwest has yet to pay the contributions owed for August, September and October of 2023, so under the Policy it owes interest, liquidated damages, and costs of collection on those contributions as well.

16. WCT Midwest owes the following amounts:

|  | Contributions | Liquidated Damages | Interest | Administrative Fees |
| --- | --- | --- | --- | --- |
| May 2023 | 0 | $3,224.45 | $453.67 | $35.00 |
| June 2023 | 0 | $5,442.50 | $786.38 | $25.00 |
| July 2023 | 0 | $242.27 | $7.04 | $25.00 |
| Aug. 2023 | $6,767.83[1] | $1,553.57 | $1,490.21[2] | NA |
| Sept. 2023 | $10,405.55 | $2,281.11 | $2,165.49 | NA |
| Oct. 2023 | $5,878.86 | $1,375.77 | $1,153.12 | NA |

---

[1] The Funds do not seek to collect the line item for "NEBF" in the contributions reports (Ex. E)—that is why the contributions listed here for August, September, and October 2023 are less than those reflected in the reports for those months.

[2] Interest calculated as of March 7, 2025.

17.   The Funds have issued notices to WCT Midwest regarding the amounts owed but WCT Midwest has not paid those amounts.

## COUNT I:
## VIOLATION OF ERISA SECTION 515

18.   The Funds incorporate by reference the preceding allegations.

19.   WCT Midwest agreed to make contributions to the Funds as required under the terms of the Funds' the trust agreement.

20.   WCT Midwest has not made contributions as required.

21.   The Funds have demanded that WCT Midwest pay all amounts due and owing.

22.   WCT Midwest has refused to pay the Funds the amounts owed.

23.   As a result of WCT Midwest's failure to timely make its contributions, WCT Midwest is liable to the Funds for violation of ERISA Section 515 (29 U.S.C. Section 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. Section 1132(g)(2)).

## COUNT II:
## BREACH OF TRUST AGREEMENT

24.   The Funds incorporate by reference the preceding allegations.

25.   WCT Midwest agreed to make contributions to the Funds as required under the terms of the Funds' trust agreement.

26.   WCT Midwest has not made contributions as required.

27.   The Funds have demanded that WCT Midwest pay all amounts due and owing.

28.   WCT Midwest has refused to pay the Funds the amounts owed.

29. Pursuant to the Policy adopted by the Trustees according to their powers under the trust agreement, the Funds may recover from WCT Midwest:

    (a) The amount of the unpaid contributions;

    (b) Liquidated damages as described in the Policy; and

    (c) Interest on the unpaid contributions as described in the Policy; and

    (d) All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

**WHEREFORE,** Plaintiffs demand the following relief:

A. Judgment on behalf of the Plaintiffs and against the Defendant:

    1) For contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Funds;

    2) For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action; and

    3) For unpaid contributions, variances, interest, and liquidated damages becoming due and/or arising from the date of the filing of this lawsuit through the date of judgment.

B. The Court should retain jurisdiction pending compliance with its orders.

      C.      For such other, further or different relief as the Court deems just and proper.

Dated this 10th day of March, 2025.

/s/ Philip R. O'Brien
Philip R. O'Brien
WI State Bar ID No. 1015549
pobrien@reinhartlaw.com
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone:  414.298.1000
Facsimile:  414.298.8097

*Attorneys for Plaintiffs*
